UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jacob Buller and Cody Olson, | File No. 20-cv-1368 (ECT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Bernie 2020 Inc., | |
| Defendant. | |

---

Plaintiffs Jacob Buller and Cody Olson brought this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of themselves and a putative class. Compl. ¶¶ 41, 53–66 [ECF No. 1]. Magistrate Judge Tony N. Leung granted two stipulated extensions of time for Defendant Bernie 2020 Inc. to respond to the Complaint. ECF Nos. 17, 20. On November 30, 2020, Defendant's response deadline, the Parties filed a joint stipulation and a proposed order seeking dismissal of the action with prejudice as to the named Plaintiffs' claims and without prejudice as to the claims of all other putative class members. ECF Nos. 21, 22.[1]

A plaintiff may generally dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared," but this rule is "[s]ubject to Rule[] 23(e)." Fed.

---

[1] The Parties call their stipulation a "Notice for Dismissal." ECF No. 21. Even though Defendant has not filed an answer or a motion for summary judgment, however, the Parties specifically invoke Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which refers to a "stipulation of dismissal signed by all parties who have appeared," and counsel for both Plaintiffs and Defendant signed the document. It will therefore be construed as a stipulation of dismissal.

R. Civ. P. 41(a)(1)(A)(ii). Rule 23(e), in turn, imposes procedural requirements on the voluntary dismissal of the "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement." On the face of the rule, these procedures, which include "notice in a reasonable manner to all class members who would be bound," Fed. R. Civ. P. 23(e)(1)(B), seem to come into play only after a class has been certified or a settlement class proposed.

Before 2003, Rule 23(e) said only that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal . . . shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e) (2002). The Eighth Circuit held that, under this old version of the rule, notice and court approval were required "even if a class ha[d] not yet been certified." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Although the Eighth Circuit has not decided whether the 2003 amendments to Rule 23 abrogated its decision in *Crawford*, it has acknowledged that "the overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23 but by Rule 41." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1082–83 & n.14 (8th Cir. 2017) (collecting cases); *see* 2 *McLaughlin on Class Actions* § 6:1 (17th ed. October 2020 Update); 7B Mary K. Kane, *Federal Practice and Procedure* § 1797 (3d ed. April 2020 Update). Under this approach, which the text of the amended Rule 23(e) supports, no notice or court approval is required for dismissal in this case because no class has been certified. *See Burton v. Express Scripts, Inc.*, No. 4:17-cv-2279-AGF, 2018 WL 3159848, at *2 (E.D. Mo. Apr. 9, 2018).

Nevertheless, even if Rule 23(e) no longer *requires* notice to putative class members, courts may "retain discretion . . . to require notice" under a separate provision of the rule.  2 *McLaughlin on Class Actions* § 6:1; *see* Fed. R. Civ. P. 23(d)(1)(B) (authorizing a court to order "appropriate notice to some or all class members of . . . any step in the action"); *Bray v. Simon & Schuster, Inc.*, No. 4:14-cv-258-NKL, 2014 WL 2893202, at *2 (W.D. Mo. June 25, 2014) ("Rule 23 does not preclude the Court from considering whether a putative class will suffer prejudice with voluntary dismissal, and the Court concludes the interests of justice will be served by examining the issue.").  Ordering notice may be appropriate when the claims of putative class members "have expired under a statute of limitations" or when the putative class members "have been relying on the named plaintiff to protect their interests."  *Crawford*, 267 F.3d at 765.

Although the Parties have not addressed these issues, it is apparent that any potential prejudice to the putative class members is speculative.  The dismissal that the Parties seek will expressly be "without prejudice as to the claims of the other members of the class described" in the Complaint.  ECF No. 21.  Because the action has only been pending for a little over six months, the number of putative class members whose claims have become untimely, if any, is likely small.  *See Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1004 (D. Minn. 2018) (noting that a four-year limitations period applies to TCPA claims).  And those putative class members may be able to argue in the future that this action tolled the limitations period, at least for their individual claims.  *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974).  Finally, even setting aside the statute-of-limitations issue, the relatively

3

short pendency of this action makes it "doubtful that any putative class members" were otherwise "lulled into sitting on their rights." *Bray*, 2014 WL 2893202, at *3 (declining to order notice where the action had only been pending for four months). Under these circumstances, requiring notice to putative class members, and thereby delaying the dismissal of the action, would not be an appropriate exercise of discretion.

Pursuant to the Notice for Dismissal Pursuant To Fed. R. Civ. P. 41(a)(1)(A) [ECF No. 21] entered into by Plaintiffs and Defendant, **IT IS ORDERED** that the above-captioned action is hereby DISMISSED with prejudice as to Plaintiffs' individual claims and without prejudice as to the claims of putative class members. Each Party shall bear its own costs and attorney fees.

Dated:  December 1, 2020             s/ Eric C. Tostrud
                                     Eric C. Tostrud
                                     United States District Court